### W. H. BASSETT *v.* L. BARBIN, Sheriff.

An Act of the Legislature, directing the Sheriff of a parish to assess and levy a tax within a School District of the parish, to pay a judgment against the School Directors of such district, is not unconstitutional.

A peremptory mandamus will issue in such case, to compel the Sheriff to make the levy.

APPEAL from the District Court of the parish of Avoyelles, *Ogden,* J. *S. L. Taylor,* for plaintiff and appellee. *Hitchbern,* for defendant and appellant.

BUCHANAN, J. This is an application for a *mandamus* to compel the Sheriff of the parish of Avoyelles, to assess and levy a special tax within a certain

school district of that parish, in obedience to the requirements of an Act of the Legislature, approved March 15th, 1855, entitled an Act for the relief of *William H. Bassett.* Session Acts, No. 229, page 274.

The defendant resisted the application; and after hearing, the District Court ordered a peremptory *mandamus* to issue, as prayed for; from which judgment the defendant has appealed.

The reasons shown by appellant against this application for a *mandamus*, may be comprised under three heads:

1. That the Statute of 1855, was specially directed to the predecessor in office of respondent.

2. That said Act of the Legislature is unconstitutional.

3. That the statute does not designate with sufficient accuracy, the limits of the district within which the tax is ordered to be levied.

The statute in question being composed of only one section, we will preface our remarks upon the several points presented in this case, by transcribing it, at full.

"Be it enacted, &c. That it shall be the duty of the Sheriff of Avoyelles, to assess and levy a tax in addition to the State tax, equally on all taxable property within the Second School District of said parish of Avoyelles, sufficient to pay the judgment in the case of *W. H. Bassett* v. *School Directors of the Second District*, in the Thirteenth Judicial District Court of the parish of Avoyelles, together with the costs of collection, and to collect the same and pay to the plaintiff or to his assigns, the amount of said judgment and costs; and the fees of collection to be the same as the fees for collecting the State tax, and thereafter, if any balance remains, to pay the same over to the School Directors of said Second School District."

It is very clear that this statute is not directed to any one incumbent of the office of Sheriff of the parish of Avoyelles, more than to another. It was probably in the contemplation of the Legislature, that the duty would be performed by the Sheriff in office at the time of the promulgation of the law; but it surely was never intended that that functionary could nullify the law by neglecting or refusing to execute it. When he vacated the office without performing the duty thus imposed, his successor, the present incumbent, was equally bound to perform it, by the terms of the Act. The only plea that could have been listened to, on his part, having reference to his predecessor, would have been, that his predecessor had executed the law. But that is not pretended.

The respondent asserts the Act of the Legislature to be unconstitutional, for two reasons: first, because it is retroactive in its operation; second, because the provision in the Constitution that the Legislature shall provide for the support of public schools by general taxation, excludes the power to impose a special tax upon a particular district or parochial subdivision for a purpose connected with public education.

The right of this executive officer to raise these constitutional questions, is by no means clear. Such a discussion would be much more appropriate in the mouth of one of those from whom the tax might be exacted.

We are informed by the record, that this law was promulgated before the respondent became Sheriff. The duty of assessing and levying this special tax, appertained, therefore, to the office when he was elected. He has accepted the office with all the functions belonging to it by law; and he has no busi-

85

· ness to question the validity of those legislative enactments which constitute his official rule of action. As well might he, if called upon to fulfil that sternest of his duties, the execution of a capital sentence, question the constitutionality of capital punishment, or the constitutionality of the particular law under which the convict had been prosecuted. Inasmuch, however, as these questions of constitutionality of section 229 of the Acts of 1855, might possibly be made the means of protracting still further, in the hands of other parties, a litigation which has already lasted too long, we will declare our settled opinion to be, that the Act of the Legislature in question, violates no provision of the Constitution.

The respondent also objects, that the statute does not inform him with sufficient precision, what is the parochial subdivision within the limits of which the special tax is to be levied. This is a matter, which according to the evidence before us, can offer no difficulty. There are two, perhaps three, Second School Districts in the parish of Avoyelles, but which of them is intended, cannot but be known to the parochial authorities. The claim of the relator against the School Directors, for which he has obtained judgment nearly six years ago, and to enforce which, after exhausting all other means, the sovereign power of the State has been called into action, originates in the building of a school house by relator. The site of that building must of course be a matter of notoriety, and must identify the district upon which the special tax is imposed.

Judgment affirmed, with costs.